**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3483
_____

ADEDAMOLA ABOLAJI GANIU,
                                        Petitioner
                    v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A073-167-224)
Immigration Judge: Alberto J. Riefkohl

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 10, 2019
_____

Before: HARDIMAN, PORTER, and COWEN,
*Circuit Judges*.

(Filed: July 12, 2019)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PORTER, *Circuit Judge*.

Adedamola Abolaji Ganiu petitions for review of the Board of Immigration Appeals's order denying his motion for reconsideration of an earlier motion to reopen removal proceedings. We will deny the petition.

I

Ganiu, a native and citizen of Nigeria, arrived in the United States around 1993. Not long after that, Ganiu applied for asylum with the legacy Immigration and Naturalization Service. After he was interviewed by an asylum officer, Ganiu was charged with removability by the Immigration and Naturalization Service. Ganiu then appeared at two hearings where the immigration judge granted continuances to secure counsel. Ganiu eventually failed to appear at the final hearing date in 1996 and the immigration judge entered an order of deportation in absentia.

Despite a deportation order, Ganiu remained in the United States. Several years later, Ganiu married a United States citizen and applied to register as a permanent resident. The United States Citizenship and Immigration Services denied that application because of Ganiu's pending deportation order, and instead referred him back to the immigration court.

Unable to become a permanent resident because of the deportation order, Ganiu then sought to reopen his removal proceedings from 1996. An immigration judge denied his first motion to reopen as untimely and for failing to establish eligibility for relief, and the Board affirmed. Ganiu again moved to reopen, this time asserting a fear of persecution from Boko Haram as a perceived foreigner because of the decades he lived in

2

the United States. The Board again denied Ganiu's motion. After this second denial,

Ganiu moved for reconsideration, introducing additional evidence of Boko Haram's

violence. The Board held that Ganiu failed to identify an error of fact or law in the prior

order; even construing his motion as a third motion to reopen due to the new evidence of

Boko Haram's violence, it still failed to support a prima facie persecution claim. So the

Board denied Ganiu's motion. Ganiu petitions this Court for review.

II[1]

We review the Board's denial of both a motion to reopen and a motion to

reconsider for abuse of discretion. *Pllumi v. Att'y Gen.*, 642 F.3d 155, 158 (3d Cir. 2011).

Our review of the Board's decision is deferential, and "[w]e will disturb the [Board's]

denial of a motion to reopen or to reconsider only if it was 'arbitrary, irrational, or

contrary to law.'" *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005) (quoting *Guo v.

Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004)).

The Board did not abuse its discretion when it denied Ganiu's motion for

reconsideration. To prevail, an alien must specify errors of fact or law in the Board's

decision, supported by relevant authority. 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R.

§ 1003.2(b)(1). The Board held that Ganiu failed to point to any evidence or relevant

legal authorities overlooked in its earlier decision, and he points to none on appeal.

---

[1] The Board had jurisdiction under 8 C.F.R. § 1003.2(b) and (c). We have jurisdiction under 8 U.S.C. § 1252(a)(1). But we lack jurisdiction to review unexhausted claims under 8 U.S.C. § 1252(d)(1).

3

Though it declined to reconsider its earlier decision, the Board gave Ganiu the benefit of construing his motion for reconsideration as a motion to reopen the proceedings. Generally, an alien may file only one motion to reopen within 90 days from the final administrative order of removal. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). But this deadline does not apply to motions that rely on evidence of "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3)(ii). The "previous proceeding" refers to the proceeding before the immigration judge. *Filja v. Gonzales*, 447 F.3d 241, 252 (3d Cir. 2006). Even if an alien overcomes this procedural hurdle, the Board may grant motions to reopen only under compelling circumstances. *Guo*, 386 F.3d at 561. A motion to reopen must establish prima facie eligibility for relief, but even then, the Board still has discretion to deny it. *Shardar v. Att'y Gen.*, 503 F.3d 308, 313 (3d Cir. 2007) (citing *Guo*, 396 F.3d at 563); 8 C.F.R. § 1003.2(a).

Ganiu has failed to make out a prima facie persecution claim because the record lacks evidence that he belongs to a "particular social group." Ganiu argues that the Board erred in holding that a group composed of Nigerians who have lived for many years in the United States do not exhibit the requisite social distinction to constitute a particular social group. *See* 8 U.S.C. § 1158(b)(1)(A) (providing that the Attorney General may grant asylum if an alien establishes refugee status); *id.* § 1101(a)(42)(A) (stating that one

way to establish refugee status is through a "well-founded fear of persecution on account of … membership in a particular social group").[2]

We review *de novo* whether a particular social group exists, and we review underlying factual findings for substantial evidence. *S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 543 (3d Cir. 2018). The Board requires that a particular social group be socially "distinct," meaning "whether the people of a given society would perceive a proposed group as sufficiently separate or distinct[.]" *Id.* at 550 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 241 (BIA 2014)). Social distinction requires members of the group to "share an immutable, though not literally visible, characteristic." *Id.* at 551.

In his petition for review, Ganiu makes a conclusory statement about his status as a non-local, but he points to no evidence that Nigerians view as socially distinct countrymen who have lived abroad for a period of time. *See S.E.R.L.*, 894 F.3d at 556 (requiring proof of societal views for social distinction). Nor does Ganiu show persecution based on that distinction, as the record contains no evidence that Boko Haram targets non-locals any more than locals. Without exception, the record here reflects the indiscriminate and broad nature of Boko Haram's violence, not just towards certain groups. *See Abdille v. Ashcroft*, 242 F.3d 477, 494 (3d Cir. 2001) (holding that "ordinary criminal activity does not rise to the level of persecution necessary to establish eligibility

---

[2] For withholding-of-removal eligibility, aliens must show that it is more likely than not that they would suffer persecution upon returning home. *Valdiviezo-Galdamez v. Att'y Gen.*, 663 F.3d 582, 591 (3d Cir. 2011). "Since [that] standard is more demanding than that governing eligibility for asylum, an alien who fails to qualify for asylum is necessarily ineligible for withholding of removal." *Id.*

for asylum"); *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998) ("Mere generalized lawlessness and violence between diverse populations, of the sort which abounds in numerous countries and inflicts misery upon millions of innocent people daily around the world, generally is not sufficient to permit the Attorney General to grant asylum[.]").

Ganiu's most recent motion, construed as a motion to reopen, lacks evidence of a prima facie case: social distinction and persecution based on that distinction. Without this evidence, the Board did not abuse its discretion in denying what it construed as Ganiu's motion to reopen his proceedings.[3]

\* \* \*

We will deny Ganiu's petition for review of the Board's order denying his motion for reconsideration.

---

[3] Ganiu also argues that he has a valid claim under the Convention Against Torture that the Board never considered. But Ganiu never raised this claim to the Board. Because Ganiu failed to exhaust this claim before the agency, we lack jurisdiction to review it. 8 U.S.C. § 1252(d)(1).